IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-00092-JMC |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**JOINT STATUS REPORT AND PROPOSED SCHEDULE**

The parties, by counsel, respectfully submit this Joint Status Report and Proposed Schedule in response to the Court's May 26, 2022 Minute Order.

1. Plaintiffs seek records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from the Federal Bureau of Investigation ("FBI") and the DOJ Office of the Inspector General ("OIG") related to the investigation and prosecution of Mr. Michael Cohen.

2. The OIG has completed its search and identified no responsive documents. On March 10, 2022, the OIG provided its final response to Plaintiffs' request. Prior to the parties' last status report, Plaintiffs provided additional information to the OIG to consider and the OIG provided Plaintiffs with its response to that additional information. Plaintiffs are presently considering OIG's response.

3. The FBI has completed its search and is still in the process of loading the potentially responsive records into the system used for review and processing. As reported in the parties' last JSR, the FBI had identified over 450,000 pages of potentially responsive material, and the parties had begun discussing ways to narrow the scope of the search and review for this

case. Through these discussions, Plaintiffs have agreed to waive the search for and processing of any grand jury material. Since the last JSR, the FBI has worked to separate out the grand jury material from other potentially responsive materials identified and, as a result, the approximate volume has dropped to 47,000 pages of potentially responsive pages in need of review. This approximate page count may still change as the FBI loads the remaining potentially responsive materials.

4. The FBI's searches have identified over 5,000 pages of prior, publicly available FOIA releases of Special Counsel Mueller's investigation records, which includes material that is at least partially responsive to the subject matter of Plaintiffs' FOIA request. *See* FBI FOIA Vault, available at https://vault.fbi.gov/special-counsel-mueller-investigation-records.

5. Also, at Plaintiffs' request, the FBI has agreed to prioritize the processing of FD-302s, the forms used by the FBI to record investigative activity, without prioritizing at this point the attachments or media associated with FD-302s, and to begin processing the FD-302s that are identified while the FBI continues its work gathering potentially responsive material. As to the rest of the potentially responsive documents, Plaintiffs have agreed to postpone FBI's processing of all attachments and media, with the plan to revisit the processing of attachments and media after the parties have a better sense of what those records might contain.

6. The FBI anticipates it will process the prioritized FD-302s on a rolling basis at a rate of 500 pages per month and it expects to have completed its review of the first 500 pages by August 22, 2022. The FBI expects that some of these pages will require consultation with other entities with equities in the records before it can make a final decision regarding the release or withholding of the pages. After the FBI has completed processing the prioritized FD-302s and finished gathering the full set of potentially responsive material, the FBI anticipates it will

review non-prioritized material at the same rolling rate of review and expects those pages may require additional consultation before it can make a final decision regarding the release or withholding of the pages.

7. The Plaintiffs object to the FBI's processing rate of 500 pages per month, particularly on a topic that has received a great deal of news attention. At least two different district court judges have required the FBI to process at greater amounts than that being proposed here. See Seavey v. Dep't of Justice, 266 F. Supp. 3d 241, 248 (D.D.C. 2017)(requiring processing of 2,850 pages per month); Leopold, et al. v. Dep't of Justice, et al., Civil Action No. 19-1278 (D.D.C.)(RBW)(Order, dated February 5, 2020, requiring processing 800 pages of FD-302 forms per month); see also Seavey, 266 F. Supp. 3d at 246 ("Telling the requester 'You'll get the documents 15, or eight, years from now' amounts as a practical matter in most cases to saying 'regardless of whether you are entitled to the documents, we will not give them to you.'"), quoting Fiduccia v. Dep't of Justice, 185 F.3d 1035, 1041 (9th Cir. 1999); Huddleston v. FBI, 2021 U.S. Dist. LEXIS 18199, *6 (E.D. Tex. Feb. 1, 2021)(criticizing 500 pages per month standard even in light of COVID-19 limitations). The Plaintiffs also respectfully request this Court require the FBI to complete processing the first batch of non-exempt copies of responsive records no later than August 1, 2022.

8. Plaintiffs' request for faster processing ignores that the FBI's proposal is largely consistent with what courts in this district typically require under FOIA to allow an equitable allocation of agency resources across all FOIA cases and requests. *See, e.g.*, *Nat'l Sec. Counselors v. U.S. Dep't of Just.*, 848 F.3d 467, 471-72 (D.C. Cir. 2017) (in context of challenge to FOIA processing fees, stating policy of processing 500 pages per request per month "serves to promote efficient responses to a larger number of requesters"); *Blakeney v. FBI*, 2019 WL

450678, at *2 (D.D.C. Feb. 5, 2019) (500 pages per month); *Colbert v. FBI*, 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018) (500 pages per month); *Middle E. Forum v. U.S. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 185-87 (D.D.C. 2018) (500 pages per month); *id.* at 187 n.3 (noting that, "[i]n a number of recent cases in this District, a production rate of 500 pages per month has been approved," and collecting cases); *Freedom Watch v. Bureau of Land Mgmt.*, 325 F.Supp.3d 139, 140-42 (D.D.C. 2018) (500 pages every 30 days); *Republican Nat'l Comm. v. U.S. Dep't of State*, 2016 WL 9244625, at *1 (D.D.C. Sept. 16, 2016) (500 pages per month); *Energy & Env't Legal Inst. v. U.S. Dep't of State*, Case No. 17-cv-340 (D.D.C.), Minute Order of August 22, 2017 (300 pages per month); *Judicial Watch, Inc. v. U.S. Dep't of State*, Case No. 17-cv-205 (D.D.C.), Minute Order of June 30, 2017 (300 pages every four weeks); *Am. Ctr. for Law & Justice v. U.S. Dep't of State*, Case No. 16-cv-2516 (D.D.C.), Minute Order of June 27, 2017 (process 400 pages per month); *Citizens United v. U.S. Dep't of State*, Case No. 16-cv-67 (D.D.C.), Dkt. 17 at 3 (declining "to adopt Plaintiff's proposed production order of 2000 pages per month" and instead holding State "to its 300-page commitment"); *Citizens United v. U.S. Dep't of State*, No. 15-cv-1720 (D.D.C.), Minute Order of June 28, 2016 (adopting rate of 500 pages ever four weeks from Dkt. 11 ¶ 10); *Judicial Watch, Inc. v. U.S. Dep't of State*, Case No. 15-cv-687 (D.D.C.), Minute Order of April 4, 2017 (500 pages per month). As explained above, the FBI has been diligently working to search for and gather potentially responsive records in this case, negotiate towards more efficient targeted processing, and separate out the materials Plaintiffs have identified as priority. Moreover, FOIA requires agencies to process requests in first in, first out fashion, so as not to disadvantage requesters without the resources to litigate. In light of its progress so far and the need to equitably allocate FBI's processing resources, the Court should allow the FBI to continue with its proposed schedule.

Dated:  June 30, 2022                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director, Federal Programs Branch

*/s/ Olivia Hussey Scott*
Olivia Hussey Scott
Senior Counsel, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 11115
Washington, D.C. 20005
Telephone:  (202) 616-8491
Fax:  (202) 616-8470
Email:  Olivia.Hussey.Scott@usdoj.gov
*Counsel for Defendant*


*/s/ Mark S. Zaid*
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W., Ste. 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com
*Counsel for Plaintiffs*