IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-00092-JMC |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## JOINT STATUS REPORT AND PROPOSED SCHEDULE

The parties, by counsel, respectfully submit this Joint Status Report and Proposed Schedule in response to the Court's July 13, 2022 Minute Order.

1. Plaintiffs seek records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from the Federal Bureau of Investigation ("FBI") and the DOJ Office of the Inspector General ("OIG") related to the investigation and prosecution of Mr. Michael Cohen.

2. The OIG has completed its search and identified no responsive documents. On March 10, 2022, the OIG provided its final response to Plaintiffs' request. Prior to the parties' May 23, 2022 status report, Plaintiffs provided additional information to the OIG to consider and the OIG provided Plaintiffs with its response to that additional information. On August 24, 2022, Plaintiffs notified the Defendants that they are challenging the adequacy of the OIG's search response and provided explanations as to why. The OIG is now considering Plaintiffs' reply.

3. The FBI has completed its search and is still in the process of loading the potentially responsive records into the system used for review and processing. As reported

1

previously, the FBI had identified over 450,000 pages of potentially responsive material, and the parties had begun discussing ways to narrow the scope of the search and review for this case. Through these discussions, Plaintiffs have agreed to waive the search for and processing of any grand jury material. Since the last JSR, the FBI has worked to separate out the grand jury material from other potentially responsive materials identified and, as a result, the approximate volume has dropped to 47,000 pages of potentially responsive pages in need of review. This approximate page count may still change as the FBI loads the remaining potentially responsive materials.

4. The FBI's searches have identified over 5,000 pages of prior, publicly available FOIA releases of Special Counsel Mueller's investigation records, which includes material that is at least partially responsive to the subject matter of Plaintiffs' FOIA request. *See* FBI FOIA Vault, available at https://vault.fbi.gov/special-counsel-mueller-investigation-records.

5. Also, at Plaintiffs' request, the FBI has agreed to prioritize the processing of FD-302s, the forms used by the FBI to record investigative activity, without prioritizing at this point the attachments or media associated with FD-302s, and to begin processing the FD-302s that are identified while the FBI continues its work gathering potentially responsive material. As to the rest of the potentially responsive documents, Plaintiffs have agreed to postpone FBI's processing of all attachments and media, with the plan to revisit the processing of attachments and media after the parties have a better sense of what those records might contain.

6. The FBI anticipates it will process the prioritized FD-302s on a rolling basis at a rate of 500 pages per month and expects pages will require consultation with other entities with equities in the records before it can make a final decision regarding the release or withholding of the pages. The FBI completed its review of the first 500 pages by August 22, 2022, as directed

by the Court in its Minute Order dated July 13, 2022, and provided Plaintiffs with its first interim response by letter dated August 22, 2022.

7. After the FBI has completed processing the prioritized FD-302s and finished gathering the full set of potentially responsive material, the FBI anticipates it will review non-prioritized material at the same rolling rate of review and that the non-prioritized pages may require additional consultation before the FBI can make a final decision regarding the release or withholding of the pages.

**Plaintiffs' position**:

8. The FBI's first interim response letter dated August 22, 2022, stated "500 pages were reviewed and 0 pages are being released" to the Plaintiffs "at no charge". Exhibit "1" (FBI first release letter). No exemptions were invoked but it was noted records were identified as involving other agencies. No other agencies were identified. No clarification was provided as to the number of pages that belonged to other agencies versus which records hold FBI equities. In its Minute Order dated July 13, 2022, the Court ordered FBI to "complete processing the first batch of non-exempt copies of responsive records by August 22, 2022." Yet not one page was released by FBI of non-exempt material, which in the Plaintiffs' view expressly violates the Court's Order.

9. The Plaintiffs' undersigned counsel are litigating numerous FOIA cases against FBI and have recently seen a pattern and practice of FBI agreeing to monthly process and release up to 500 pages of non-exempt records but then releasing *nothing* due to a categorical invocation of exemptions or referrals to other agencies. Exhibit "2" (FBI first release letter in *James Madison Project et. al. v. CIA et al.*, Civil Action 19-609 (DDC)(BAH)). The Plaintiffs are not expecting or requiring FBI to process *and* release 500 pages (although this may certainly be a

possible outcome at times) but they do views this recently observed tactic as completely disingenuous and intentional, particularly given it reflects a deliberate decision of FBI to choose only exempt records as its asserted monthly "release". While doing so might be understandable at some point along the way in a FOIA case where thousands of records have already been processed and released, this very obvious tactic is instead occurring at the outset of production, including – as here – as literally the first production response. This tactic most certainly violates the spirit of FOIA and, as noted, the Plaintiffs view it as a specific violation of this Court's stated Minute Order which required processing of "non-exempt copies of responsive records".

10.     The Plaintiffs notified the Defendant on August 24, 2022, of their stated position that FBI violated the Court's Order and requested that it correct this deficiency and provide an off-schedule release of non-exempt responsive records within two weeks.

11.     The Court also noted in its July 13, 2022, Minute Order that "With respect to the processing rate, Plaintiffs object to the FBI's request that it be permitted to continue with its proposed schedule and process 500 pages per month. Though the Court understands Plaintiffs' desire for a faster processing rate, Plaintiffs have not presented an alternative proposal for the Court to consider. To the extent that Plaintiffs maintain their request for the Court to order a different processing rate, the Court ORDERS Plaintiffs to include a specific proposal in the next joint status report, including any authority supporting their position." The Plaintiffs, and their undersigned counsel, are very knowledgeable and experienced with FOIA, including litigation. They are well aware of the understandable limitations of FBI's resources and the significant backlog of requests it is facing. But that is not a justifiable reason under the statute, or in compliance with clear Congressional intent, to limit processing of 500 pages per month. While it is acknowledged that many judges have gone along with this request, respectfully, that does not

require this Court to do the same. Indeed, numerous courts have also questioned and rejected FBI's 500 page processing request. *See Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017)(requiring processing of 2,850 pages per month); L*eopold, et al. v. Dep't of Justice, et al.*, Civil Action No. 19-1278 (D.D.C.)(RBW)(Order dated February 5, 2020, requiring processing 800 pages of FD-302 forms per month); *see also Seavey*, 266 F. Supp. 3d at 246 ("Telling the requester 'You'll get the documents 15, or eight, years from now' amounts as a practical matter in most cases to saying 'regardless of whether you are entitled to the documents, we will not give them to you.'"), *quoting Fiduccia v. Dep't of Justice*, 185 F.3d 1035, 1041 (9th Cir. 1999); *Huddleston v. FBI*, 2021 U.S. Dist. LEXIS 18199, *6 (E.D. Tex. Feb. 1, 2021) (criticizing 500 pages per month standard even in light of COVID-19 limitations). As the Defendant notes below, the "FBI's proposal is *largely consistent* with what courts in this district *typically* require" but not always (emphasis added). Indeed, this case involves such a high-profile topic that is of significant public interest that the Plaintiffs submit it is a candidate for the occasional departure. As a good-faith demonstration of fairness and reasonableness, the Plaintiffs respectfully request FBI process no fewer than 1,000 pages per month and release all appropriate non-exempt portions, with a prioritization of those records that likely contain non-exempt information.

**Defendants' Position**

12. Defendants are baffled by the Plaintiffs' accusation that the FBI is somehow engaged in a "tactic." As explained in paragraph 5, *supra*, at Plaintiffs' request, the FBI is processing on a prioritized basis the potentially responsive FD-302 reports, without attachments, that were identified in the FBI's searches. Contrary to Plaintiffs' claim, the FBI has not cherry-

5

picked pages to process as part of some sort of deliberate decision to delay release; Plaintiffs have themselves directed the category of pages the FBI processed last month.

13. Similarly baffling is Plaintiffs' position that the Court's Order directing the FBI to *process* 500 pages per month, starting with 500 pages by August 22, 2022, somehow requires the FBI to process an unknown quantity of pages to *release* 500 pages. The very purpose of processing the pages is to identify whether those records are responsive and non-exempt. The FBI would have to process more than 500 pages—immeasurably more—in order to identify 500 responsive and non-exempt pages that can be produced. Plaintiffs' position distorts the language of the Court's Order to reach a nonsensical result.

14. Further, Plaintiffs' request that the FBI process "no less than 1,000 pages per month" should be denied. As explained in our prior JSR, the FBI's proposal is largely consistent with what courts in this district typically require under FOIA to allow an equitable allocation of agency resources across all FOIA cases and requests. *See, e.g.*, *Nat'l Sec. Counselors v. U.S. Dep't of Just.*, 848 F.3d 467, 471-72 (D.C. Cir. 2017) (in context of challenge to FOIA processing fees, stating policy of processing 500 pages per request per month "serves to promote efficient responses to a larger number of requesters"); *Blakeney v. FBI*, 2019 WL 450678, at *2 (D.D.C. Feb. 5, 2019) (500 pages per month); *Colbert v. FBI*, 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018) (500 pages per month); *Middle E. Forum v. U.S. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 185-87 (D.D.C. 2018) (500 pages per month); *id.* at 187 n.3 (noting that, "[i]n a number of recent cases in this District, a production rate of 500 pages per month has been approved," and collecting cases); *Freedom Watch v. Bureau of Land Mgmt.*, 325 F.Supp.3d 139, 140-42 (D.D.C. 2018) (500 pages every 30 days); *Republican Nat'l Comm. v. U.S. Dep't of State*, 2016 WL 9244625, at *1 (D.D.C. Sept. 16, 2016) (500 pages per month); *Energy & Env't*

*Legal Inst. v. U.S. Dep't of State*, Case No. 17-cv-340 (D.D.C.), Minute Order of August 22, 2017 (300 pages per month); *Judicial Watch, Inc. v. U.S. Dep't of State*, Case No. 17-cv-205 (D.D.C.), Minute Order of June 30, 2017 (300 pages every four weeks); *Am. Ctr. for Law & Justice v. U.S. Dep't of State*, Case No. 16-cv-2516 (D.D.C.), Minute Order of June 27, 2017 (process 400 pages per month); *Citizens United v. U.S. Dep't of State*, Case No. 16-cv-67 (D.D.C.), Dkt. 17 at 3 (declining "to adopt Plaintiff's proposed production order of 2000 pages per month" and instead holding State "to its 300-page commitment"); *Citizens United v. U.S. Dep't of State*, No. 15-cv-1720 (D.D.C.), Minute Order of June 28, 2016 (adopting rate of 500 pages ever four weeks from Dkt. 11 ¶ 10); *Judicial Watch, Inc. v. U.S. Dep't of State*, Case No. 15-cv-687 (D.D.C.), Minute Order of April 4, 2017 (500 pages per month). Plaintiffs' request for double the FBI's standard processing rate would require the FBI to divert resources from other FOIA cases. As self-identified frequent requesters with extensive FOIA litigation experience, Plaintiffs know that the FOIA requires agencies to process requests in first in, first out fashion, so as not to disadvantage requesters without the resources to litigate. The 500 page processing rate is an example of the FBI's effort to apply its resources equitably.

15. In this case, the FBI has engaged with Plaintiffs in an effort to negotiate a more efficient targeted processing, *see supra* ¶¶ 3-5, and it has separated out the materials Plaintiffs identified as priority. In light of its progress so far and the need to equitably allocate FBI's processing resources, the Court should allow the FBI to continue with its proposed schedule.

\* \* \* \*

16. The parties' next joint status report is due in 90 days, on Wednesday, November 23, 2022. *See* July 13, 2022 Minute Order. The Plaintiffs, however, respectfully request this

7

Court schedule a Status Conference (virtual if the Court is amenable) to discuss the Plaintiffs' concerns that FBI has violated the Court's Minute Order and its forthcoming releases.

Dated: August 25, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director, Federal Programs Branch

*/s/ Olivia Hussey Scott*
Olivia Hussey Scott
Senior Counsel, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 11115
Washington, D.C. 20005
Telephone: (202) 616-8491
Fax: (202) 616-8470
Email: Olivia.Hussey.Scott@usdoj.gov
*Counsel for Defendant*

*/s/ Mark S. Zaid*
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Ste. 700
Washington, D.C. 20036
(202) 498-0011
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com
*Counsel for Plaintiffs*