# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE JAMES MADISON PROJECT, *et al.,* )
                                                 )
        Plaintiffs,             )
                                                 )
        v.                           )     Case No. 1:22-cv-00092-JMC
                                                 )
U.S. DEPARTMENT OF JUSTICE,      )
                                               )
        Defendant.           )

## JOINT STATUS REPORT

The parties, by counsel, respectfully submit this Joint Status Report in response to the Court's July 13, 2022 Minute Order.

1.      Plaintiffs seek records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from the Federal Bureau of Investigation ("FBI") and the DOJ Office of the Inspector General ("OIG") related to the investigation and prosecution of Mr. Michael Cohen.

2.      The OIG has completed its search and identified no responsive documents. On March 10, 2022, the OIG provided its final response to Plaintiffs' request. Prior to the parties' May 23, 2022 status report, Plaintiffs provided additional information to the OIG to consider and the OIG provided Plaintiffs with its response to that additional information. On August 24, 2022, Plaintiffs notified the Defendants that they are challenging the adequacy of the OIG's search response and provided explanations as to why. The OIG is considering Plaintiffs' reply.

3.      The FBI has completed its search and is still in the process of loading the potentially responsive records into the system used for review and processing. As reported previously, the FBI had identified over 450,000 pages of potentially responsive material, and the

parties had begun discussing ways to narrow the scope of the search and review for this case. Through these discussions, Plaintiffs have agreed to waive the search for and processing of any grand jury material. As reported previously, the FBI separated out the grand jury material from other potentially responsive materials identified and, as a result, the approximate volume dropped to 47,000 pages of potentially responsive pages in need of review. This approximate page count may still change as the FBI loads the remaining potentially responsive materials.

4.     The FBI's searches have identified over 5,000 pages of prior, publicly available FOIA releases of Special Counsel Mueller's investigation records, which includes material that is at least partially responsive to the subject matter of Plaintiffs' FOIA request. *See* FBI FOIA Vault, available at https://vault.fbi.gov/special-counsel-mueller-investigation-records.

5.     Also, at Plaintiffs' request, the FBI agreed to prioritize the processing of FD-302s, the forms used by the FBI to record investigative activity, without prioritizing at this point the attachments or media associated with FD-302s. The parties have agreed to postpone FBI's processing of all attachments and media, with the plan to revisit the processing of attachments and media after the parties have a better sense of what those records might contain.

6.     The FBI has been processing the potentially responsive records, starting with the prioritized FD-302s, on a rolling basis at a rate of 500 pages per month. As part of its ongoing review, the FBI has referred responsive records to other agencies or offices for required consultations and is awaiting those responses before a final decision regarding the release or withholding of this material is made.

7.     The FBI completed its review of the first 500 pages by August 22, 2022, as directed by the Court in its Minute Order dated July 13, 2022, and it provided Plaintiffs with its first interim response by letter dated August 22, 2022.

8.      In the parties' last joint status report, the parties separately wrote regarding Plaintiffs' objection to the FBI's processing rate of 500 pages per month, and to the fact that the FBI's first interim response identified that it had reviewed 500 pages and 0 pages were released. ECF No.14, Joint Status Report dated August 25, 2022.

9.      On August 30, 2022, after reviewing the parties' August 25 joint status report, the Court denied Plaintiffs' request to increase the page-per-month processing rate and noted that, as to Plaintiffs' concern about the lack of released pages from the first 500 pages reviewed, Plaintiffs "may file an additional status report to clarify any specific relief they seek" or "wait until data from future months become available." *See* Minute Order, dated August 30, 2022.

10.     Since then, the FBI has continued processing its potentially responsive records at the rate of 500 pages per month and it has provided Plaintiffs with additional interim responses by letters dated September 22, October 21, and November 22, 2022.

11.     After the FBI has completed processing the prioritized FD-302s and finished gathering the full set of potentially responsive material, the FBI anticipates it will review non-prioritized material at the same rolling rate of review and that the non-prioritized pages may require additional consultation before the FBI can make a final decision regarding the release or withholding of the pages.

**Plaintiffs' position**:

12.     In the Parties' last Joint Status Report filed on August 25, 2022 (Dkt. 14), the Plaintiffs raised concerns that the FBI was violating the spirit, if not the law, of what was expected of it as part of this FOIA lawsuit. Specifically, although promising to expedite the processing of potentially responsive materials and especially the relevant FD-302s, there is no evidence whatsoever that this has occurred. At the time, the Plaintiffs were commenting on the

FBI's first interim response letter dated August 22, 2022, which stated "500 pages were reviewed and 0 pages are being released" to the Plaintiffs "at no charge". <u>See</u> Dkt. 14, Exhibit "1".

13.     In its Minute Order dated August 30, 2022, the Court noted: "As to Plaintiff's concern about the lack of released pages from the first 500 pages reviewed, Plaintiffs may file an additional Status Report to clarify any specific relief they seek at this time, or they may wait until data from future months become available." To demonstrate their good-faith, the Plaintiffs chose to allow the FBI to self-correct and demonstrate any willingness to actually fulfill its assurances to the Court. That data is now available and it changes nothing.

14.     As noted by the FBI, three additional interim responses were sent by letters dated September 22, October 21, and November 22, 2022. The result was the same: "**0** pages are being released." Zero. The Plaintiffs have no complaint at this time with respect to any referrals/consultation with other agencies (nor are they further challenging at this time the FBI's processing rate of 500 pages/month), although they respectfully request that the FBI identify the agencies to which the documents were sent and the dates upon which responses are anticipated. But the FBI has purposefully included within its reviews a significant number of pages it previously processed and publicly posted in the FBI Vault. Those pages should not be permitted to satisfy the FBI's processing requirements.

15.     More importantly this FOIA lawsuit was filed nearly one year ago, and obviously involves a subject matter that has gripped our nation for the last several years. The FD-302s, particularly the interviews of Michael Cohen, are but a very small part of the responsive documents at issue in this case. The FBI has failed to explain why not even one page has been released notwithstanding its agreement to prioritize these files. Therefore, the Plaintiffs respectfully request that this Court order the FBI to release all non-exempt portions of the

relevant FD-302s within thirty (30) days or alternatively submit a sworn declaration within fourteen (14) days detailing (a) how many FD-302s are under review (and specify which pertain to Michael Cohen), (b) whether these documents have been sent to other agencies for referral/consultation, the identity of those agencies and the date upon which a response is anticipated, and (c) when it is anticipated all non-exempt portions of the FD-302s will be released to the Plaintiffs (and noting that Mr. Cohen's materials are subject to the Privacy Act as a waiver has been provided).

16.     Finally, on August 24, 2022, Plaintiffs notified the Defendants that they are challenging the adequacy of the OIG's search response and provided explanations as to why. The OIG has failed to respond and the Plaintiffs respectfully request the Court order it to do so.

**Defendants' Position:**

17.     Plaintiffs previously argued that the FBI's release of zero pages in its August response was part of a "disingenuous and intentional" "tactic" wherein the FBI purportedly "choses only exempt records as its asserted monthly release." ECF No.14, *infra*. In response, Defendants explained Plaintiffs' accusation was baffling, given the fact that the FBI has agreed to process first the FD-302s reports that were identified in the FBI's searches, without attachments, according to Plaintiffs' request. *Id.* at 5-6. Now, Plaintiffs are once again nonsensically complaining that the FBI is somehow engaging in a "tactic" by FBI processing the potentially responsive materials in this case in a manner consistent with Plaintiffs' own request that the FBI process FD-302s first. And Plaintiffs' accusations have expanded to claim that the FBI is "purposefully includ[ing] within its reviews a significant number of pages it previously processed and publicly posted in the FBI Vault." *See infra.* But, as Defendants pointed out in the parties' last report (and incorporate again here), contrary to Plaintiffs' claims, the FBI is not

selecting pages to process as some sort of deliberate decision to delay release; Plaintiffs themselves have directed the category of pages that the FBI is processing first.

18.     Further, contrary to Plaintiffs' claim, the FBI's re-review of prior publicly-released documents was proper, given the privacy waiver submitted from Michael Cohen with Plaintiffs' request. *See* Compl. ¶ 12.  Specifically, the FBI's September 22, 2022 interim response identifies that it reviewed FBI interviews, some of which were withheld for referral/consult with other agencies and the remaining pages reviewed were responsive records that were already published to the FBI Vault.  The FBI identified that those pages were reviewed again "to determine whether additional material could be released pursuant to the executed privacy waiver for Michael Cohen."  Although the FBI's review determined that the "previously processed interviews did not contain additional releasable material," this re-review was necessary because an agency's prior determinations may be different when another FOIA request includes a privacy waiver from an individual who is a subject of the request; FOIA exemptions may apply differently when the person requesting the disclosure is the protected party.  *See, e.g., DOJ v. Reps. Comm. For Freedom of the Press*, 489 U.S. 749, 771 (1989) (citing *DOJ v. Julian*, 486 U.S. 1, 13-14 (1988)).  Plaintiffs attempt to cast this as an unnecessary step in the FBI's processing of the potentially responsive records should be rejected.

19.     In this case, the FBI has engaged with Plaintiffs in an effort to negotiate a more efficient targeted processing, *see supra* ¶¶ 3-5, and it has separated out the materials Plaintiffs identified as priority.  The FBI has also asked Plaintiffs to identify any second priority materials that they would like the FBI to consider for processing after the FD-302s.  Plaintiffs have not identified any other priorities, to date.  In light of the FBI's ongoing progress and the need to

equitably allocate FBI's processing resources, the Court should allow the FBI to continue with its processing of 500 pages per month.

20.     As for Plaintiffs' position regarding the OIG's request, the OIG has already provided Plaintiffs with its final response to the FOIA request. *See infra* ¶ 2.  The OIG is considering the supplemental materials and questions Plaintiffs raised afterward, and it expects to provide a response to those materials in the next few weeks. *Id.*

* * * *

22.     The Plaintiffs refer the Court to Para 12 above for their requested next step/deadline. The Defendants request that the schedule in this case remain the same and that the parties' next joint status report be due in 90 days, on Tuesday, February 28, 2023. *See* July 13, 2022 Minute Order.

Dated:  November 30, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director, Federal Programs Branch

*/s/ Olivia Hussey Scott*
Olivia Hussey Scott
Senior Counsel, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 11115
Washington, D.C. 20005
Telephone:  (202) 616-8491
Fax:  (202) 616-8470
Email:  Olivia.Hussey.Scott@usdoj.gov
*Counsel for Defendant*

*/s/ Mark S. Zaid*
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532

Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Ste. 700
Washington, D.C. 20036
(202) 498-0011
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com
*Counsel for Plaintiffs*