IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00092-JMC |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

**JOINT STATUS REPORT**

The parties, by counsel, respectfully submit this Joint Status Report in response to the Court's Minute Orders, dated July 13, 2022, and June 7, 2023.

1. Plaintiffs seek records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from the Federal Bureau of Investigation ("FBI") and the DOJ Office of the Inspector General ("OIG") related to the investigation and prosecution of Mr. Michael Cohen.

2. The OIG has completed its search and identified no responsive documents. On March 10, 2022, the OIG provided its final response to Plaintiffs' request. The parties have conferred regarding questions raised by Plaintiffs to see if they can narrow the scope of the parties' dispute. On December 28, 2022, the OIG provided Plaintiffs with a response to Plaintiffs' most recent position. Plaintiffs are considering OIG's response.

3. The FBI has completed its search for Plaintiffs' request. As reported previously, the FBI's search initially identified over 450,000 pages of potentially responsive material. The parties conferred and Plaintiffs agreed to waive the search for and processing of any grand jury material. After FBI separated out the grand jury material, the approximate volume dropped to

approximately 47,000 pages of potentially responsive pages in need of review.[1] The FBI has finished loading the narrowed set of potentially responsive pages into the system used for review and processing.

4. At Plaintiffs' request, the FBI agreed to prioritize the processing of FD-302s, the forms used by the FBI to record investigative activity, without prioritizing at this point the attachments or media associated with FD-302s. The parties have agreed to postpone FBI's processing of all attachments and media, with the plan to revisit the processing of attachments and media after the parties have a better sense of what those records might contain.

5. The FBI has been processing the potentially responsive records, starting with the prioritized FD-302s, on a rolling basis at a rate of 500 pages per month. The FBI completed its review of the first 500 pages by August 22, 2022, as directed by the Court in its Minute Order dated July 13, 2022. To date the FBI has provided Plaintiffs with interim responses by letters dated August 22, September 22, October 21, November 22, and December 22, 2022, as well as January 20, February 22, March 22, April 21, May 22, June 22, and July 21, 2023, as well as a supplemental interim response letter dated July 6, 2023, regarding records previously identified as subject to requests for consultation.

6. As identified in the parties' prior status reports and the Declaration of Joseph E. Bender, the Acting Section Chief for the FBI's Record/Information Dissemination Section

---

[1] The FBI's FOIA Vault contains over 5,000 pages of prior, publicly available FOIA releases of Special Counsel Mueller's investigation records, which includes material that is at least partially responsive to the subject matter of Plaintiffs' FOIA request. *See* FBI FOIA Vault, available at https://vault.fbi.gov/special-counsel-mueller-investigation-records. Although Plaintiffs' FOIA request excludes publicly available records, the FBI has (re)reviewed certain pages that are publicly available on the FBI's FOIA Vault to see if the FBI's prior FOIA releases withheld privacy information that the FBI could release because of the privacy waiver from Michael Cohen submitted with this request.

(RIDS), *see* ECF No. 17-1 ("Bender Decl."),[2] the FBI's review of the potentially responsive records in this case has required it to request consultations from Other Government Agencies (OGAs) with equities in the potentially responsive records. *See* Bender Decl., ¶¶ 4-7.

7. As of February 17, 2023, Acting Chief Bender explained that "the FBI ha[d] sent 40 consultation / coordination requests to 25 Other Government Agencies (OGAs), some of whom have overlapping equities in the same records." Bender Decl., ¶ 4.[3] Since the parties' last status report, the FBI has received additional responses and, to date, it has received 28 of the then-pending 40 consultation/coordination requests. The FBI provided its first supplemental interim response letter to Plaintiffs on July 6, 2023, as noted above. And the FBI is currently reviewing the remaining completed consultation responses and anticipates that it will provide Plaintiffs with non-exempt responsive records, if any, via additional supplemental interim responses. As for the remaining 12 OGA responses (from the set of 40 consultation/coordination requests identified in the Bender Declaration), the FBI has inquired as to the status and anticipates receiving additional responses in the next 30 days.[4] After its recent inquiry, the FBI

---

[2] The FBI submitted the Bender Declaration in response to the Court's Minute Orders, dated January 5, 2023, which directed the FBI to submit a Declaration on "the feasibility of identifying the number and names of agencies to which documents were referred," as well as into "the feasibility of determining (1) how many FD-302s are under review, and which pertain to Michael Cohen; (2) whether these documents have been sent to other agencies for referral/consultation, and the date upon which a response is anticipated; and (3) when all non-exempt portions of the FD-302s will be released." 1st Minute Order, dated Jan. 5, 2023; *see also* 2d Minute Order, dated Jan. 5, 2023. After the FBI submitted the Bender Declaration, the Court found that the FBI "complied with the Minute Order entered by the Court on January 5, 2023," and directed the parties to "continue to update the Court on the progress of production" in the May 30, 2023 joint status report. *See* Minute Order, dated March 11, 2023.

[3] Acting Chief Bender also provided for the Court an explanation of the FBI's processing distinctions between referrals, consultations, and/or coordination. *See* Bender Decl., ¶¶ 4, 8-14.

[4] The FBI is unable to determine precisely when the consultation process will be completed because "[t]he equities at issue in the relevant records vary greatly and the consulting agencies may, in some instances, require additional time to coordinate internally to determine

resent some of its requests to 4 OGAs, due in part to personnel changes at the relevant offices. The FBI has confirmed that these OGAs received the resent materials.

8. Since filing the Bender Declaration, the FBI's continued processing of potentially responsive records has resulted in an additional 11 consultation / coordination requests from the FBI to 6 OGAs. The FBI is currently awaiting responses on these requests before it can make a final determination regarding these records.

9. **Plaintiffs' Response**: This FOIA lawsuit was filed nearly 18 months ago. The FBI has processed and "released" records for nearly one year. We say "released" because not a single page has been disclosed to the Plaintiffs in the entire time. The Plaintiffs have made efforts to prioritize the documents most sought after, as well as provided – as noted by the Defendant – a privacy waiver for Michael Cohen, Donald Trump's former attorney regarding whom these documents pertain to, but with no apparent effect at all. Based on the current processing schedule of the FBI, it will be nearly seven more years (and that does not even take into account the various consultations/referrals) before this case is even ripe for motion practice. This cannot be deemed acceptable under the law or fair as a matter of policy/practice and the Plaintiffs respectfully request that the Court schedule a Status Conference (virtual or in-person) to discuss alternative pathways to move forward. Additionally, the Plaintiffs would ask that future joint status reports be due every thirty days to ensure more frequent oversight of the FBI's activities.

10. **Defendants' Response**: Plaintiffs again complain about the FBI's processing of the potentially responsive records because "not a single page has been disclosed to the

---

whether and to what extent the relevant information can be disclosed under FOIA." Bender Decl., ¶ 7.

Plaintiffs." But FOIA does not require the production of non-responsive records or any information within the nine exemptions listed in 5 U.S.C. § 552(b). The very purpose of processing the potentially responsive records is to identify whether or not those pages are responsive and non-exempt, and therefore capable of being produced under FOIA. As such, FOIA contemplates the possibility that there may not be responsive, non-exempt records that can be produced in response to a given request. Plaintiffs ignore that possibility with their argument, instead implying that the FBI's responses show it has not made meaningful progress in this case, which is patently not the case. Paragraph 5, above, identifies that the FBI has sent thirteen interim response letters to Plaintiffs identifying its progress. Each of the FBI's interim response letters has identified the FBI's progress using Bates-numbers to identify the pages that the FBI has reviewed; in total, these letters show that the FBI has processed a Bates-range identified as FBI(22-cv-0092)-0001 to FBI(22-cv-0092)-5833, or, stated another way, 5,833 pages.

11. Plaintiffs also re-raise their argument for faster processing by arguing that use of the FBI's standard processing rate will result in years of processing before this case is ripe for motion practice. But, as Defendants explained before, the FBI's standard processing rate of 500 pages per month is largely consistent with what courts typically require under FOIA to allow an equitable allocation of agency resources across all FOIA cases and requests. *See* ECF No. 13, ¶ 8; *see also* ECF No. 14, ¶ 14. The FBI uses its standard rate to allocate its limited FOIA processing resources as equitably as possible among the competing demands (including those presented by other FOIA requesters who also want their requests processed quickly).[5]

---

[5] Plaintiffs' belief that their request should be processed expeditiously is not unique to them but is rather shared by all FOIA requesters. *See Elec. Privacy Info. Ctr. v. U.S. Dep't of Justice*, 15 F. Supp. 3d 32, 47 (D.D.C. 2014) (denying motion requesting immediate production of documents pursuant to FOIA request and noting that allowing the plaintiff "to jump to the head of the line would upset the agency's

Moreover, the amount of time needed is a function of the breadth of the FOIA request, itself, and wholly within Plaintiffs' power to reduce by narrowing the request. Although the parties have made progress by eliminating the FBI's need to review grand jury material, the FBI intends to continue considering and discussing with Plaintiffs other ways to narrow the scope of its review in this case.

12. The FBI does not oppose either of Plaintiffs' specific requests, for a hearing to discuss the case or for the filing of joint status reports every 30 days.

\* \* \* \*

13. The next joint status report is currently due on or before September 29, 2023. *See* Minute Order, dated July 7, 2023. Plaintiffs have requested that the next joint status report instead be due in 30 days, on August 29, 2023, which Defendants do not oppose. As such, the parties propose filing the next joint status report on or before August 29, 2023.

Dated: July 31, 2023            Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director, Federal Programs Branch

*/s/ Olivia R. Hussey Scott*
Olivia Hussey Scott
Senior Counsel, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 11115
Washington, D.C. 20005
Telephone: (202) 616-8491
Fax: (202) 616-8470
Email: Olivia.Hussey.Scott@usdoj.gov

---

processes and be detrimental to the other expedited requesters"); *Daily Caller*, 152 F. Supp. 3d at 14 (stating that "the plaintiff's effort to jump to the head of the FOIA processing line would work a significant burden on both the agency and numerous interested parties").

*Counsel for Defendant*

*/s/ Mark S. Zaid*
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Ste. 700
Washington, D.C. 20036
(202) 498-0011
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com
*Counsel for Plaintiffs*