IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-00092-JMC |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**JOINT STATUS REPORT**

The parties, by counsel, respectfully submit this Joint Status Report in response to the Court's Minute Orders, dated July 13, 2022, as well as October 27, 2023.

1. Plaintiffs seek records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from the Federal Bureau of Investigation ("FBI") and the DOJ Office of the Inspector General ("OIG") related to the investigation and prosecution of Mr. Michael Cohen.

2. The OIG has completed its search and identified no responsive documents. On March 10, 2022, the OIG provided its final response to Plaintiffs' request. The parties have conferred regarding questions raised by Plaintiffs to see if they can narrow the scope of the parties' dispute. On December 28, 2022, the OIG provided Plaintiffs with a response to Plaintiffs' most recent position. Plaintiffs are considering OIG's response.

3. The FBI has completed its search for Plaintiffs' request. As reported previously, the FBI's search initially identified over 450,000 pages of potentially responsive material. The parties conferred and Plaintiffs agreed to waive the search for and processing of any grand jury material. After FBI separated out the grand jury material, the approximate volume dropped to

approximately 47,000 pages of potentially responsive pages in need of review.[1] The FBI has finished loading the narrowed set of potentially responsive pages into the system used for review and processing.

4. At Plaintiffs' request, the FBI agreed to prioritize the processing of FD-302s, the forms used by the FBI to record investigative activity, without prioritizing at this point the attachments or media associated with FD-302s. The parties have agreed to postpone FBI's processing of all attachments and media, with the plan to revisit the processing of attachments and media after the parties have a better sense of what those records might contain.

5. The FBI has been processing the potentially responsive records, starting with the prioritized FD-302s, on a rolling basis at a rate of 500 pages per month. The FBI completed its review of the first 500 pages by August 22, 2022, as directed by the Court in its Minute Order dated July 13, 2022. To date, the FBI has reviewed over 8,300 pages, as shown in the FBI's interim response letters, dated August 22, September 22, October 21, November 22, and December 22, 2022, and January 20, February 22, March 22, April 21, May 22, June 22, July 21, August 22, September 22, October 20, November 22, and December 22, 2023.[2] The FBI has

---

[1] The FBI's FOIA Vault contains over 5,000 pages of prior, publicly available FOIA releases of Special Counsel Mueller's investigation records, which includes material that is at least partially responsive to the subject matter of Plaintiffs' FOIA request. *See* FBI FOIA Vault, available at https://vault.fbi.gov/special-counsel-mueller-investigation-records. Although Plaintiffs' FOIA request excludes publicly available records, the FBI has (re)reviewed certain pages that are publicly available on the FBI's FOIA Vault to see if the FBI's prior FOIA releases withheld privacy information that the FBI could release because of the privacy waiver from Michael Cohen submitted with this request.

[2] The FBI's interim response letters identify the FBI's progress using Bates-numbers to identify the pages that the FBI has reviewed. Here, the FBI's interim response letters identify that it has reviewed the following Bates-numbered pages: FBI(22-cv-0092)-0001 to FBI(22-cv-0092)-8345.

also provided Plaintiffs with a supplemental interim response letter dated July 6, 2023, regarding records previously identified as subject to requests for consultation.

6.  As identified in the parties' prior status reports and the Declaration of Joseph E. Bender, the Acting Section Chief for the FBI's Record/Information Dissemination Section (RIDS), *see* ECF No. 17-1 ("Bender Decl."),[3] the FBI's review of the potentially responsive records in this case has required it to request consultations from Other Government Agencies (OGAs) with equities in the potentially responsive records. *See* Bender Decl., ¶¶ 4-7.

7.  As of February 17, 2023, Acting Chief Bender explained that "the FBI ha[d] sent 40 consultation / coordination requests to 25 Other Government Agencies (OGAs), some of whom have overlapping equities in the same records." Bender Decl., ¶ 4.[4] To date, the FBI has received 37 of the then-pending 40 consultation/coordination requests. The FBI provided its first supplemental interim response letter to Plaintiffs on July 6, 2023, as noted above. And the FBI is currently reviewing the remaining completed consultation responses and anticipates that it will provide Plaintiffs with non-exempt responsive records, if any, via additional supplemental interim responses. As for the remaining 3 OGA responses (from the set of 40

---

[3] The FBI submitted the Bender Declaration in response to the Court's Minute Orders, dated January 5, 2023, which directed the FBI to submit a Declaration on "the feasibility of identifying the number and names of agencies to which documents were referred," as well as into "the feasibility of determining (1) how many FD-302s are under review, and which pertain to Michael Cohen; (2) whether these documents have been sent to other agencies for referral/consultation, and the date upon which a response is anticipated; and (3) when all non-exempt portions of the FD-302s will be released." 1st Minute Order, dated Jan. 5, 2023; *see also* 2d Minute Order, dated Jan. 5, 2023. After the FBI submitted the Bender Declaration, the Court found that the FBI "complied with the Minute Order entered by the Court on January 5, 2023," and directed the parties to "continue to update the Court on the progress of production" in the May 30, 2023 joint status report. *See* Minute Order, dated March 13, 2023.

[4] Acting Chief Bender also provided for the Court an explanation of the FBI's processing distinctions between referrals, consultations, and/or coordination. *See* Bender Decl., ¶¶ 4, 8-14.

consultation/coordination requests identified in the Bender Declaration), the FBI has again inquired as to the status.[5]

8. Since filing the Bender Declaration, the FBI's continued processing of potentially responsive records has resulted in an additional 24 consultation / coordination requests. The FBI is currently awaiting responses on these requests before it can make a final determination regarding these records.

9. Plaintiffs' Position:  The Plaintiffs and their counsel appreciate the complications that arise with respect to navigating consultations between agencies, particularly when the delays are seemingly being caused by a non-defendant agency. This issue, along with some recommendations as to possible steps, was previously raised with the Court nearly a year ago, Dkt. 20 (see ¶¶12-17), and the Plaintiffs recognize that in response the Court's Minute Order, dated March 13, 2023, as referenced above in footnote 3, simply directed the parties to provide regular status updates. Ten more months have passed, the filing of numerous status reports and the result has continued to remain the same: Plaintiffs have yet to receive even a single page of the requested records in a case that is now over two years old. And based on the FBI's update, there is no end in sight, not even an anticipated one. The Plaintiffs, respectfully, request the Court to intervene and require the FBI to respond by a date certain with its final response, or at least ensure the consulting agencies do so.

10. Defendant's Position:  Defendant opposes Plaintiffs' request that the Court require the FBI "to respond by a date certain with its final response, or at least ensure the

---

[5] The FBI is unable to determine precisely when the consultation process will be completed because "[t]he equities at issue in the relevant records vary greatly and the consulting agencies may, in some instances, require additional time to coordinate internally to determine whether and to what extent the relevant information can be disclosed under FOIA." Bender Decl., ¶ 7.

consulting agencies do so" because such an order at this stage of the FBI's processing would effectively force the FBI to produce potentially sensitive information in the records that other agencies or components may determine should be protected from disclosure. There is no basis for such an order, especially given that the "FOIA explicitly permits 'consultation . . . with another agency having a substantial interest in the determination of the request." *Sussman v. U.S. Marshals Serv.,* 494 F.3d 1106, 1118 (D.C. Cir. 2007); *see also* 5 U.S.C. § 552(a)(6)(B)(iii)(III) (provides that an agency can extend time to respond when it needs to consult with another agency). Plaintiffs complain that the FBI's processing has not yet resulted in the release of documents, but they fail to recognize that under the FOIA the FBI is required to process records; the FBI meets its processing obligation even when what it processes is non-responsive or exempt from production under the FOIA. And here the FBI has been diligently processing records for this case—meeting its expected standard review rate of 500 pages per month, sending requests for consultation to OGAs on a rolling basis, as needed, repeatedly following up on the pending consultation requests, and producing interim response letters for Plaintiffs regarding the FBI's ongoing review.

11. Although Plaintiffs note that they "appreciate the complications that arise with respect to navigating consultations between agencies," *supra* ¶ 9, many of the "complications" in this case are due to the nature of their request, which seeks a very broad set of records related to issues of significant law enforcement, national security, and intelligence concerns. To date, the FBI's review of over 8,300 of the approximately 47,000 potentially responsive pages identified for review has required it to send 64 separate requests for consultation to dozens of different OGAs about information that originated from and/or involved those OGA equities. *See supra* ¶¶ 7, 8. And the FBI anticipates that its ongoing review of the remaining pages may identify

additional need for consultation.  The FBI must receive responses from the relevant OGAs before it makes its final decisions regarding the release or withholding under FOIA of these sensitive agency records.  Given the FBI's ongoing work, the volume of pages left to review, and the FBI's need to receive responses on pending and any future OGA consultation requests, the Court should resist Plaintiffs' demand for an order imposing a final response deadline at this stage.  The FBI respectfully requests that the schedule in this case remain the same with the parties' filing joint status reports every 30 days.

* * * *

12.     The current schedule in this case calls for submission of joint status reports every 30 days, *see* Minute Order, dated September 1, 2023, and so the parties' next report is due on February 9, 2024.

Dated:  January 10, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director, Federal Programs Branch

*/s/ Olivia R. Hussey Scott*
Olivia Hussey Scott
Senior Counsel, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 11115
Washington, D.C. 20005
Telephone:  (202) 616-8491
Fax:  (202) 616-8470
Email:  Olivia.Hussey.Scott@usdoj.gov
*Counsel for Defendant*


*/s/ Mark S. Zaid*
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.

                D.C. Bar #440532
                Mark S. Zaid, P.C.
                1250 Connecticut Avenue, N.W.
                Ste. 700
                Washington, D.C. 20036
                (202) 498-0011
                (202) 330-5610 fax
                Brad@MarkZaid.com
                Mark@MarkZaid.com
                *Counsel for Plaintiffs*